**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

MICHAEL BRANDON STORY,

                               Plaintiff,

      v.

FEDERAL COMMUNICATIONS COMMISSION,

                               Defendant.

No. 1:24-CV-00625
(MAD/CFH)

---

**APPEARANCES:**

MICHAEL BRANDON STORY
56 Shelterwood Road
Apartment A
East Greenbush, New York 12061
Plaintiff pro se

**CHRISTIAN F. HUMMEL
U.S. Magistrate Judge**

**REPORT-RECOMMENDATION & ORDER**

**I. In Forma Pauperis**

Plaintiff pro se Michael Brandon Story ("plaintiff") commenced this action (No. 1:24-CV-00623) on May 6, 2024, by filing a complaint. See Dkt. No. 1 ("Compl.").[1] In lieu of paying this Court's filing fees, he submitted an application for leave to proceed in forma pauperis ("IFP"). See Dkt. No. 2. The undersigned has reviewed plaintiff's IFP

---

[1] Plaintiff has also filed several other actions in this Court, all of which he filed on May 6, 2024, and May 7, 2024. These actions are pending review before this Court. See Story v. Fort Gordon, No. 1:24-CV-00626 (MAD/CFH); Story v. National Security Agency, No. 1:24-CV-00627 (MAD/CFH); Story v. Central Intelligence Agency, No. 1:24-CV-00631 (MAD/CFH). The following cases have been deemed related by the Court: 1:24-CV-00623, 1:24-CV-00625, 1:24-CV-00626, 124-CV-00627, 1:24-CV-631. See Dkt. No. 5. On August 5, 2024, plaintiff filed a notice of voluntary dismissal in two of his other cases: 1:24-CV-623, Story v. Federal Bureau of Investigation, and 1:24-CV-632 and Story v. Federal Bureau of Investigation. See Dkt. No. 6 (both cases). On August 8, 2024, the Court entered orders voluntarily dismissing these cases. See Dkt. No. 7 (both cases).

1

application and determines that he financially qualifies to proceed IFP.[2]  Thus, the Court proceeds to its review of the complaint pursuant to 28 U.S.C. § 1915.

## II. Initial Review

### A. Complaint

Plaintiff's compliant, written on a civil form complaint, is exceedingly sparse.  See Dkt. No. 1 ("Compl.") at 3.  His complaint indicates that the basis for this Court's jurisdiction is federal question.  See id.  Where the form asks for the federal statutes, treaties, or provisions of the United States Constitution that are at issue in the case, he states, "Electronic Harassment from military SINCGARS frequency unknown but modulated microwaves."  Id.  Under statement of the claim, plaintiff similarly writes, "Electronic Harassment from military SINGARS frequency known from modulated microwaves www.fcc.gov/ecf/search/search-filings/filing/1092223856297[.]"  Id.  Plaintiff demands $25,000,000.  See id.

On the civil cover sheet, under the "Torts: Personal Injury" column, he checks a box indicating that his complaint involves "assault, libel & Slander," and under the "Civil Rights" column, he checks "other civil rights."  Dkt. No. 1-1.  Under the portion of the civil cover sheet asking for the United States civil statute under which he seeks to file his claim, he writes, "Electronic Harassment through modulated microwaves" and under the heading seeking a "brief description of the claim," he writes, "outside noise."  Id.

---

[2] Plaintiff is advised that, although he has been granted IFP status, he is still required to pay any fees and costs he may incur in this action, including, but not limited to, copying fees, transcript fees, and witness fees.

B. **Legal Standards**

Section 1915 of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted); see also Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994). As the Second Circuit stated,

> There are many cases in which we have said that a pro se litigant is entitled to "special solicitude," that a pro se litigant's submissions must be construed "liberally," and that such submissions must be read to raise the strongest arguments that they "suggest[.]" At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not "consistent" with the pro se litigant's allegations, or arguments that the submissions themselves do not "suggest," that we should not "excuse frivolous or vexatious filings by pro se litigants," and that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law[.]"

Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (citations and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191-92 (2d Cir. 2008).

"The [Second Circuit]'s 'special solicitude' for pro se pleadings has its limits, because pro se pleadings still must comply with . . . the Federal Rules of Civil Procedure [('Fed. R. Civ. P.')]." Kastner v. Tri State Eye, No. 19-CV-10668 (CM), 2019 WL 6841952, at *2 (S.D.N.Y. Dec. 13, 2019) (quoting Ruotolo v. IRS, 28 F.3d 6, 8 (2d Cir. 1994)).  Pleading guidelines are provided in the Federal Rules of Civil Procedure. Specifically, Rule 8 requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought. . .

FED. R. CIV. P. 8(a).  Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).  "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted).  Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. Sheehy v. Brown, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order).

Further, Fed. R. Civ. P. 10 provides:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

F<small>ED</small>. R. C<small>IV</small>. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).  A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of a defendant's duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted).  However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id.  (citations omitted).

This Court also has an overarching obligation to determine that a claim is not legally frivolous before permitting a pro se plaintiff's complaint to proceed. See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" Aguilar v. United States, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D.Conn. Nov. 8, 1999)[3] (quoting Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir.1998)); see also Neitzke v. Williams, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . .  or factual contentions lack an arguable basis.").

---

[3] Any unpublished cases cited within this Report-Recommendation & Order have been provided to plaintiff.

### III. Analysis

Plaintiff does not provide a time frame for the alleged claims in his complaint. Construing the pro se plaintiff's submissions liberally, and "interpret[ing] [them] to raise the strongest arguments that [they] suggest[,]" the complaint appears to allege that the Federal Communications Commission,[4] out of Washington, D.C., is "harassing him" through the use of radio waves. Compl. at 3. It appears that, in stating that he is experiencing harassment from "military SINGARS," plaintiff intends to refer to "SINCGARS,"[5] which is an acronym for "Single Channel Ground and Airborne Radio System" –a "very high frequency combat network radio" used by the military, with its "primary role" being a "voice transmission between surface and airborne command and control [] assets."[6]

First, plaintiff's complaint fails to meet the requirements of Fed. R. Civ. P. 8 and 10. Plaintiff's complaint does not provide a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" FED. R. CIV. P. 8. Instead, plaintiff's complaint amounts to one or two sentences that provides the Court with no factual context or support. See Compl. As a result, it is not possible for the Court to make sense of his claim, nor would his complaint provide sufficient notice to defendant of the claims against it. See generally id. Plaintiff also does not provide a "short and plain statement of the grounds for the court's jurisdiction." FED. R. CIV. P. 8; Lamothe v.

---

[4] The Court attempted to visit the hyperlink provided, which lead it to "page not found" on the FCC website. The undersigned also attempted to search the number provided in the hyperlink within the FCC website which also revealed zero search results.

[5] Plaintiff makes nearly identical claims against "Fort Gordon, United States Military" in a separate action he commenced on the same day he filed this action. See 1:24-CV-626, Story v. Fort Gordon (filed May 6, 2024), Dkt. No. 1.

[6] Plaintiff does not define SINCGARS. The Court cites to Wikipedia as there are very few online resources available about SINGARS. See https://en.wikipedia.org/wiki/SINCGARS (last visited Sept. 23, 2024).

Brown, 5:22-CV-161 (TJM/CFH), 2023 WL 316013, at *8 (D. Vt. Jan. 19, 2023). "The lack of factual support, context, or clear statements of the claims and explanations as to how each defendant is personally involved in the alleged violation of each area of law or right asserted renders plaintiff's complaint plainly violative of Rule 8[.]").

In addition to failing to meet the pleading requirements of Rules 8 and 10, the undersigned recommends that plaintiff's complaint be dismissed as frivolous and for failure to state a claim. The complaint lacks any basis in law or fact and sets forth "no cognizable avenue for relief." Georges v. Rathner, No. 1:17-CV-1246 (DNH/CFH), 2017 WL 8230677, at *2 (N.D.N.Y. Dec. 22, 2017), report and recommendation adopted, No. 1:17-CV-1246 (DNH/CFH), 2018 WL 1353058 (N.D.N.Y. Mar. 15, 2018); Georges v. Hatser, No. 1:17-CV-1243 (GTS/CFH), 2018 WL 816846, at *3 (N.D.N.Y. Jan. 2, 2018) ("[The] plaintiff has not provided sufficient facts for this Court to assess [the] plaintiff's complaint, as plaintiff has given no context for her general statements about violations of the law by parties who are not named in the complaint, nor explanations as to how her constitutional rights were violated[.]"), report and recommendation adopted, 2018 WL 813502 (N.D.N.Y. Feb. 9, 2018); Ehlers v. C.I.A., No. 6:15-CV-387 (MAD/ATB), 2015 WL 3637431, at *3 (N.D.N.Y. June 10, 2015) ("[The p]laintiff's complaint does not state a valid claim for which relief can be granted and lacks substance.").

Further, "[t]he Supreme Court 'has repeatedly held that the federal courts are without power to entertain claims that are so attenuated and unsubstantial as to be absolutely devoid of merit[.]'" Hines v. United States, No. 6:19-CV-06837 (MAT), 2020 WL 570605, at *2 (W.D.N.Y. Feb. 5, 2020) (quoting Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)). "No federal question jurisdiction exists when the complaint is patently

insubstantial, . . . in other words, essentially fictitious." Id. (internal quotation marks and citations omitted). "Claims that are 'essentially fictitious' include those that allege 'bizarre conspiracy theories, any fantastic government manipulations of [the plaintiff's] will or mind [or] any sort of supernatural intervention.'" Id. (quoting Best v. Kelly, 39 F.3d 328, 330 (D.C. Cir. 1994)); see Gonzalez v. City of Fresno, No. 1:11-CV-01458, 2012 WL 174959 (AWI/BAM), at *3 (E.D.Ca. Jan. 20, 2012) (dismissing the plaintiff's claims because they were based on "conspiracy theories" "related to stalking, phone surveillance, and computer hacking[,]" which were "'essentially fictitious[.]'") (citation omitted).

   Plaintiff's allegations that the FCC is "harassing" him through use of SINCGARS and/or a "frequency unknown from modulated microwaves" are claims that are "essentially fictitious" and "unquestionably frivolous and subject to dismissal." Compl. at 4; Hines, 2020 WL 570605, at *2; Mahmood v. United States, No. 1:20-CV-409 (MAD/DJS), 2020 WL 2475613, at *4 (N.D.N.Y. May 13, 2020) report and recommendation adopted sub nom. Mahmood v. United States, 2020 WL 1808206 (N.D.N.Y. Apr. 9, 2020) ("[The p]laintiff's complaint consists of a series of bizarre allegations relating to various harms that have befallen him as a result of the government of the United States using 'electronic surveillance' and 'mind control techniques' against him. Such allegations are unquestionably frivolous and subject to dismissal."). Plaintiff is entirely unable to explain how the alleged conduct was committed, how he was harmed, or how it connects to any claim for legal relief. Even employing its best efforts, in due deference to plaintiff pro se status, the Court is unable

to discern coherent factual allegations or legal claims. Accordingly, it is recommended plaintiff's complaint be dismissed as frivolous and for failure to state a claim.

## B. Sovereign Immunity

The undersigned alternatively recommends dismissal as any potential claim plaintiff may have against the FCC would appear barred by sovereign immunity. The doctrine of sovereign immunity bars actions against federal agencies such as the FCC "'[b]ecause an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States,'" which are barred unless sovereign immunity has been waived. Ehlers, 2015 WL 3637431, at *3 (quoting Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994)). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied[.]" Lane v. Pena, 518 U.S. 187, 192 (1996) (internal citations omitted). Plaintiff carries the burden of demonstrating that sovereign immunity has been waived. See Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). There are a few scenarios in which the federal government has waived sovereign immunity, however none have been demonstrated to apply here.

Plaintiff's civil cover sheet checks a box indicating that defendant committed an unspecified tort. See Dkt. No. 1-1. "The Federal Torts Claims Act ("FTCA") 'provides for a waiver of sovereign immunity for certain claims for damages arising from the tortious conduct of federal government officers or employees acting within the scope of their office or employment.'" Carroll v. United States, No. 1:23-CV-01553 (LEK/CFH), 2024 WL 1459772, at *4 (N.D.N.Y. Apr. 4, 2024) (citations omitted), report and

9

recommendation adopted, 2024 WL 3158620 (N.D.N.Y. June 24, 2024).  However, 28 U.S.C. § 2675 provides that

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675; see Carroll, 2024 WL 1459772, at *4 ("Specifically, '[b]efore bringing a claim in a federal district court under the FTCA, a claimant must first exhaust [his or] her administrative remedies by filing a claim for monetary damages with the appropriate federal government entity and must receive a final written determination.'") (citations omitted); Spina v. Lu Feng Liu, 541 F. Supp. 3d 426, 433 (S.D.N.Y. 2021) ("Where a plaintiff fails to exhaust administrative remedies, the district court lacks subject matter jurisdiction over the FTCA claims.").  "This requirement is jurisdictional and cannot be waived."  Celestine v. Mt. Vernon Neighborhood Health Ctr., 403 F.3d 76, 82 (2d Cir. 2005).

Here, plaintiff has failed to set forth any facts to support a claim pursuant to the FTCA, but even if he had, he does not allege that he presented this claim to an appropriate agency prior to this action; thus, in the alternative, the undersigned recommends dismissal based on failure to properly plead an FTCA claim and lack of subject matter jurisdiction.  See Carroll, 2024 WL 1459772, at *6 ("[The] plaintiff has failed to sufficiently plead compliance with the FTCA's exhaustion requirements . . . [t]herefore, it is recommended that plaintiff's FTCA claim against the United States be

dismissed for lack of subject matter jurisdiction.") (citations omitted); Alan v U.S. Dept. of Justice, 697 F. Supp. 3d 9, 13 (W.D.N.Y. 2023) ("[The p]laintiff does not allege that he presented his tort claims to the appropriate agency as required by the FTCA.  This failure renders those claims insufficiently pled . . . [a]ccordingly, the Court lacks subject matter jurisdiction over any FTCA claim and therefore it must be dismissed without prejudice.") (citation omitted).

### IV. Leave to Amend

Generally, "[a] pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  Nielsen v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014) (citation omitted).  "However, if the problems with a complaint are 'substantive' rather than the result of an 'inadequately or inartfully pleaded' complaint, an opportunity to re-plead would be 'futile' and 'should be denied.'"  Edwards v. Penix, 388 F. Supp. 3d 135, 144-45 (N.D.N.Y. 2019) (quoting Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000)).  "When the basis for dismissal is a defendant's entitlement to immunity, for example, the pleading defects are 'substantive rather than formal and [] leave to amend would be futile.'"  Mahmood, 2020 WL 3965125, at *2 (N.D.N.Y. Mar. 17, 2020) (quoting Jackson v. Pfau, 523 F. App'x 736, 737 (2d Cir. 2013) (summary order)).

Although the district court generally affords a pro se plaintiff at least one opportunity to amend prior to outright dismissal, this is not required when, as where, it is clear that any attempt to amend would be futile.  See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Dolan v. Connolly, 794 F.3d 290, 295 (2d Cir. 2015).  Plaintiff has

failed to meet the pleading requirements and his claims are "essentially fictitious[.]"[7] See supra. Plaintiff's complaint is "so attenuated and unsubstantial as to be absolutely devoid of merit[.]'" As no better pleading would cure these defects, the undersigned recommends dismissal without leave to amend. See, e.g., Sherven v. United States, No. 1:23-CV-02912 (UNA), 2023 WL 7128466, at *1 (E.D.Ca. Oct. 27, 2023) (dismissing a case following initial review when "the facts alleged rise to the level of the irrational or the wholly incredible, or postulat[e] events and circumstances of a wholly fanciful kind[.]") (internal quotation marks and citations omitted). Plaintiff's allegations are clearly "'a case[] in which the complaint[s are] so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" Lamothe, 2023 WL 316013, at *7 (quoting Salahuddin, 861 F.2d at 42 (citations omitted)); Hatser, 2018 WL 816846, at *3 ("Even in light of the special solicitude to be accorded to pro se plaintiffs' complaints, 'courts cannot read into pro se submissions claims that are not consistent with the pro se litigant's allegations[.]'") (quoting Giamattista v. Am. Airlines, Inc., 584 F. App'x. 23, 25 (2d Cir. 2010) (summary order)). Accordingly, it is recommended the matter be dismissed without prejudice[8] but without opportunity to amend.

### V. Conclusion

---

[7] As to the alternate recommendation for dismissal due to sovereign immunity, the undersigned notes that it is not recommended that leave to amend be permitted to clarify whether he first sought to proceed with an FTCA claim via the appropriate agency because it is clear that there is no substance to his claims.

[8] "A dismissal for lack of subject matter jurisdiction must be without prejudice, because 'without jurisdiction, the district court lacks the power to adjudicate the merits of the case.'" McKie v. Kornegay, No. 21-1943, 2022 WL 4241355, at *2 (2d Cir. Sept. 15, 2022) (summary order) (quoting Carter v. HealthPort Techs., LLC, 822 F.3d 47, 54-55 (2d Cir. 2016)).

**WHEREFORE**, for the reasons stated herein, it is hereby

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) be **GRANTED**; and it is

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 1) be **DISMISSED without prejudice and without leave to amend**, and it is

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation & Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: September 24, 2024
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge