UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MICHAEL BRANDON STORY,

                       **Plaintiff,**

  vs.                                             1:24-CV-00625
                                                         (MAD/CFH)

FEDERAL COMMUNICATIONS
COMMISSION,

                       **Defendant.**

---

**APPEARANCES:**                                       **OF COUNSEL:**

**MICHAEL BRANDON STORY**
56 Shelterwood Rd
Apt. A
East Greenbush, New York 12061

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

On May 6, 2024, *pro se* Plaintiff Michael Brandon Story ("Plaintiff") filed a complaint alleging wrongdoing by Defendant Federal Communications Commission ("FCC" or "Defendant"), *see* Dkt. No. 1, and a motion for leave to proceed *in forma pauperis* ("IFP"), Dkt. No. 2.[1] Specifically, Plaintiff states that his claim is for "Electronic Harassment from military SINCGARS frequency known from modulated microwaves www.fcc.gov/ecf/search/search-filings/filing/1092223856297[.]" Dkt. No. 1 at 4. In the section of the civil cover sheet that asks for the United States civil statute under which Plaintiff seeks to

---

[1] The following cases, filed by Plaintiff, have been deemed related by the Court: 1:24-CV-00623, 1:24-CV-00626, 1:24-CV-00627, 1:24-CV-00631; 1:24-CV-00632; 1:24-CV-01346. *See* Dkt. No. 5; *Story v. Central Intelligence Agency*, 1:24-CV-00631 at Dkt. No. 5; *Story v. United States*, 1:24-CV-01346 at Dkt. No. 5.

file his claim, he states, "Electronic Harassment through modulated microwaves" and under the heading seeking a "brief description of the claim," he states, "outside noise." Dkt. No. 1-1.

On September 9, 2024, Magistrate Judge Hummel issued a Report-Recommendation & Order granting Plaintiff leave to proceed IFP and recommending that Plaintiff's complaint be dismissed without prejudice and without leave to amend, pursuant to 28 U.S.C. § 1915(e)(2)(B). *See* Dkt. No. 6.

Plaintiff has not filed any objections to the Report-Recommendation & Order. When a party declines to file an objection, the Court reviews a recommendation for clear error. *See O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Because Plaintiff has not filed an objection, the Court will review the recommendation for clear error.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has stated that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely "because of their lack of legal training." *Id.* (quoting *Traguth v. Zuck*, 710 F. 2d 90, 95 (2d Cir. 1983)).

The Court finds no clear error in Magistrate Judge Hummel's Report-Recommendation & Order. The Report-Recommendation & Order recommends that the Court grant dismissal because Plaintiff's claims are barred by sovereign immunity. Dkt. No. 6 at 9. The Court agrees that "any potential claim [P]laintiff may have against the FCC would appear barred by sovereign

2

immunity." *Id.* at 9. Plaintiff has the burden of demonstrating that sovereign immunity has been waived, *see Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000), and the complaint is devoid of any allegations indicating such waiver, *see* Dkt. No. 1.

Construing Plaintiff's allegations in the most lenient manner possible, his claims sound in tort and Plaintiff indicates on the civil cover sheet that Defendant committed an unspecified tort. *See* Dkt. No. 1-1. "The Federal Torts Claims Act ("FTCA") 'provides for a waiver of sovereign immunity for certain claims for damages arising from the tortious conduct of federal government officers or employees acting within the scope of their office or employment.'" *Carroll v. United States*, No. 1:23-CV-01553, 2024 WL 1459772, *4 (N.D.N.Y. Apr. 4, 2024) (citations omitted), *report and recommendation adopted*, 2024 WL 3158620 (N.D.N.Y. June 24, 2024). However, before a claimant may bring an FTCA claim in a federal district court, the claimant must first exhaust his administrative remedies. *See id.* Plaintiff has not set forth facts sufficient to support an FTCA claim and, regardless, he has not alleged that he exhausted his administrative remedies before bringing the present matter. *See* Dkt. No. 6 at 10-11; Dkt. No. 1. Therefore, the Court lacks subject matter jurisdiction over Plaintiff's claims, to the extent Plaintiff's claims can be construed as FTCA claims. *See Alan v. U.S. Dep't of Just.*, 697 F. Supp. 3d 9, 13-14 (W.D.N.Y. 2023) ("[The p]laintiff does not allege that he presented his tort claims to the appropriate agency as required by the FTCA. This failure renders those claims insufficiently pled . . . . Accordingly, the Court lacks subject matter jurisdiction over any FTCA claim and therefore it must be dismissed without prejudice") (internal citation omitted). For these reasons, the Court adopts Magistrate Judge Hummel's recommendation that the complaint be dismissed for lack of subject matter jurisdiction. *Id.* at 9-11.

Even assuming that the Court had jurisdiction over this action, dismissal is still appropriate because Plaintiff's claims are frivolous and the complaint does not comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Magistrate Judge Hummel correctly determined that Plaintiff's complaint fails to meet the requirements of Rules 8 and 10 because, among other things, the complaint does not provide a "short and plain statement of the claim showing that" Plaintiff is entitled to relief. *See* Dkt. No. 6 at 6 (quoting Fed. R. Civ. P. 8). Neither has Plaintiff provided a "short and plaint statement of the grounds for the court's jurisdiction." *Id.* (quotations omitted).

Magistrate Judge Hummel is also correct that the lack of factual support, context, or clear statements of the claims and explanation as to how Defendant is involved does not give Defendant adequate notice of the claims. *See id.* at 7 (citing *Lamothe v. Brown*, No. 5:22-CV-161, 2023 WL 316013, *8 (D. Vt. Jan. 19, 2023), *report and recommendation adopted*, No. 5:22-CV-161, 2023 WL 3301220 (D. Vt. May 8, 2023)). Plaintiff does not articulate what conduct he alleges Defendant committed, how the alleged conduct was committed, how he was harmed, or how such alleged conduct relates to any claim for legal relief. *See* Dkt. No. 8 at 8-9 ("Even employing its best efforts, in due deference to plaintiff *pro se* status, the Court is unable to discern coherent factual allegations or legal claims"). Thus, in addition to dismissal for failure to meet the requirements of Rules 8 and 10, the Court adopts the recommendation that it dismiss the complaint because "Plaintiff's allegations that the FCC is 'harassing' him through use of SINCGARS and/or a 'frequency unknown from modulated microwaves' are claims that are 'essentially fictitious' and 'unquestionably frivolous and subject to dismissal.'" *Id*. at 8 (quoting Dkt. No. 1 at 4) (other citations omitted); *see also Mahmood v. United States*, No. 1:20-CV-409, 2020 WL 2475613, *4 (N.D.N.Y. May 13, 2020) ("[The p]laintiff's complaint consists of a series

of bizarre allegations relating to various harms that have befallen him as a result of the government of the United States using 'electronic surveillance' and 'mind control techniques' against him. Such allegations are unquestionably frivolous and subject to dismissal") (citation omitted).

Finally, the Court finds no clear error in Magistrate Judge Hummel's conclusion that, although leave to amend would normally be appropriate, leave to amend should not be granted here because the complaint "lacks any basis in law or fact and sets forth 'no cognizable avenue for relief.'" *Id.* at 7, 11-12 (quotation omitted). Indeed, because the problems that plague the complaint are "substantive rather than the result of an inadequately or inartfully pleaded complaint, an opportunity to re-plead would be futile . . . ." *Id.* at 11 (quoting *Edwards v. Penix*, 388 F. Supp. 3d 135, 144-45 (N.D.N.Y. 2019)) (internal quotation marks omitted). And, although when granting dismissal based upon sovereign immunity, courts have permitted leave to amend to allow a plaintiff to clarify whether administrative remedies were exhausted, *see Carroll*, 2024 WL 1459772, at *7, here, Plaintiff's claims are so vague and devoid of merit that no better pleading would cure the defects. Accordingly, the Court adopts the recommendation that this matter be dismissed without prejudice[2] and without opportunity to amend.

After carefully reviewing the Report-Recommendation & Order, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Hummel's Report-Recommendation & Order (Dkt. No. 6) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

---

[2] "A dismissal for lack of subject matter jurisdiction must be without prejudice, because 'without jurisdiction, the district court lacks the power to adjudicate the merits of the case.'" *McKie v. Kornegay*, No. 21-1943, 2022 WL 4241355, *2 (2d Cir. Sept. 15, 2022) (summary order) (quoting *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54-55 (2d Cir. 2016)).

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE and WITHOUT LEAVE TO AMEND**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules; and the Court further

**ORDERS** that the Clerk of Court shall enter judgment in Defendant's favor and close this case.

**IT IS SO ORDERED.**

Dated: November 7, 2024
       Albany, New York

Mae A. D'Agostino
U.S. District Judge